The next matter on our calendar is Raymond Farzan v. Bridgewater Associates and the Abyss Group, Incorporated. Mr. Farzan, you are a pro se? Yes. Good morning, Your Honor. May it please the Court, More than 30% of U.S. populations are against immigrants and Muslims, and this is an uphill battle for me. And I'm here because I'm not a quitter, and I just want to make my points, and my expectation is low. Let me ask you about the contract that Abyss presented to you from Bridgewater. Did it not say that you were an at-will employee? Isn't that what it said? The professional? It's called the professional? My understanding was that, Your Honor, an at-will employee was for, you know, they don't have term limits. They mentioned six months and 18 months. But at-will means that you have no property right in the job, and they can fire you or get rid of you whenever they want to, two weeks' notice. They're, you know, they're verbal, you know, both Bridgewater and Abyss, verbally they told me that, you know, we need you, you have to move here from New Jersey, move to Connecticut. So that's the, that was my understanding. Okay, but you read the contract? No. I just read the six-month request. Okay. I could find where it says you're at-will. That is, that means they can fire you for any reason at all. That's what at-will means, except maybe not an impermissible reason. But, all right, continue. Yes. The, Your Honor, my understanding of the law is shallow. I, my, when I was working, I was a business analyst and project manager, and I basically look at these things from that point of view. And Bridgewater is the biggest hedge fund in the country, and they are located in Connecticut, and they have a lot of money and a lot of influence and a lot of power. In the work environment at Bridgewater was very hostile. They have this policy of so-called radical transparency that they can, you know, the other employees and manager can criticize anyone in public, in corporate public, you know, through email. And they copy everyone. And that brings the worst out of, unfortunately, out of everyone. And that's not fair to minorities and women. And the, my due process rights and my civil rights were violated in, by the attorneys from the other side, and also the judge. And I brought it up in court, and the judge did not pay attention. This, the facts of this case did not change when the defendants moved it, removed it to federal court. At the time, they knew that, they believed that this case was, the U.S. District Court does not have jurisdiction over this case. At the time, based on the facts and their belief. And they removed it anyway. I mean, I think that's not fair, and that's kind of fraud upon the court. If you don't believe the court has jurisdiction, then why do you remove it? And they should have let it stay in a state court. They look at the, no matter what happened in the contract, they look at the 18 months, and they see how much, how many months you work, and the employer has to pay the rest of it. I may have to file a complaint separately for this, you know, committing a fraud upon the court. And also, CHIRO, the Connecticut Commission, they did a lousy job of investigation. They did not even mention the age. And age discrimination is one of my, one of my major complaints. And they also made up this story that my performance was not good. Bridgewater did not provide all the records to CHIRO and in district court. After Bridgewater, I had two jobs, and my performance was good. They were happy. I finished my term and left. And what happened after that? After that, I retired. They said you retired? No, I said I retired. Oh, you retired? Yes, I retired. I am 67, Your Honor. But you retired, so what's this lawsuit about? I'm sorry? If you retired, what is this lawsuit about? Well, this lawsuit happened in 2014, 30 years ago, and it's about the damages, wage loss that I had for 18 months. Oh, for the two months? The contract was for... So you were seeking damages for the two months between when and when? No, Your Honor. I said 18 months. Oh, but you worked part of it. You worked six months. I worked for three months and four months, seven months, and I worked at Bridgewater for two months. It's nine months, so the rest of it. It's not hard to calculate. And what was the reason that they terminated you? Did they tell you? They told me they terminated my performance and they finished the job. Oh, okay. All right. Well, thank you. You have reserved, haven't you? Okay, I have two minutes, Your Honor. Two minutes for rebuttal? Yeah. Okay, well, we'll hear from first, I guess, Bridgewater Associates, and then Abyss. Thank you, Your Honor. Patrick, may it please the Court, Patrick Shea from Paul Hastings representing Bridgewater Associates. I respectfully submit the decision below should be affirmed based on the well-reasoned opinion of Judge Underhill. In his brief, Mr. Farzad basically makes four challenges. The first one is he protests the stay of discovery while the motion to dismiss was pending. That is a decision within the discretion of the district court. It was well taken discretion here because it was a meritorious decision, and particularly well taken since this was the eighth instance in which Mr. Farzad had filed a pro se complaint following termination of a short-term assignment, making essentially identical allegations, and frankly, I would suggest had used the expense of discovery to defendants to extract five settlements out of those eight cases. In any case, it was clearly not an abuse of discretion. Secondly, he protests the dismissal of the contract claim. Judge Pooler, as you noted, at A165, we have what is a very simple three-page contract signed by Mr. Farzad. Paragraph 6 says, Abyss or contractor, meaning Mr. Farzad, may terminate this agreement at will at any time on two weeks prior notice. He received the two weeks prior notice. There is no breach of contract here. You still can't terminate it for an impermissible reason. Don't you agree? I do, Your Honor. And Mr. He says you terminated him because he was age, because of his age, and I assume because he was Muslim. Those are his allegations, Your Honor, and Judge Underhill properly found that those were barred by the statute of limitations. With respect to the federal claims, they were barred because you have 90 days to commence a lawsuit under the ADA or under Title VII  The notice of right to sue here, which appears in the appendix at A69, was issued by the EEOC in December, and that gave him until March to file. The first contact Mr. Farzad had with anyone at all was with the Connecticut courts, and that was not until April. So the federal claims are clearly barred. The state claims are also barred, and that's because in Connecticut, to toll the statute of limitations, you need to obtain a writ from the court. You need to then serve the complaint. That's what tolls the statute. And then you need to file it. Mr. Farzad didn't do that until May. The CHRO's letter came in January. They're completely barred. So for all those reasons, the only other reason he raises, he claims that there was an obstruction of justice claim. In point of fact, as the judge recognized, you can't have a private right of action complaining about what discovery took place before the Connecticut Commission on Human Rights and Opportunities. What did Bridgewater tell him? I'm sorry? What did Bridgewater tell him for the reason he was terminated? What Bridgewater told him was he had been hired as a contractor. He wasn't an employee. He was hired through ABIS. And they were trying to complete a project that was scheduled to be done in August. One of the team members had to leave for immigration reasons, and Mr. Farzad was hired to help them complete that project. If you look at the emails that Mr. Farzad attaches to the complaint, you'll see the members of the team just did not believe that he was adding any value. They were spending more time trying to get him up to speed, and they needed to focus on completing the project. So in the end, they said, in the end, we're sorry, but you're not really contributing here. We'll give you the two weeks notice you're entitled to in your contract. And it ended at the end of June rather than August when the project was completed. Is there no further questions? Thank you. No further questions. This is the attorney for ABIS? Correct, Your Honor. Good morning. You were the employer, weren't you? Well, Your Honor, we had a contract with Mr. Farzad's company, which is called America's Consulting Enterprise, Inc., which was an independent contractor according to the party's agreement. My client is an information technology firm, and one of the services they provided at the time was finding consultants for third parties, and that's all that occurred here. We found Mr. Farzad Bridgewater needed a consultant for a short-term project. We signed a contract with Mr. Farzad's company, not with Mr. Farzad individually, and Mr. Farzad was released to Bridgewater to start the job. And I would suggest, Your Honors, that Judge Underhill in the district court below provided a very thorough analysis of Mr. Farzad's attempt to state a claim for relief. Mr. Farzad filed an original complaint, and then he amended his complaint, and Judge Underhill gave him a very thorough analysis and an attempt, and also considered the issue of futility of repleting. And we would submit that the decision below was completely accurate and it should be affirmed. My client, I think, was added somewhat as just an additional party here. We were not named as a respondent in the administrative proceedings below, so while we have essentially adopted all the arguments at Bridgewater because the claims are essentially the same, we have one additional reason that I don't think the district court's decision relies on, and that is that Mr. Farzad failed to exhaust his administrative remedies for purposes of the discrimination claims that he has raised. If Your Honors have no further questions of me, I will- Who drafted the contract, you or Bridgewater? I believe that it is an abyss group contract. It is an abyss group contract. I believe, but it's not in the record as to who drafted the contract, so I can't speak authoritatively on that. All right. Thank you. Thanks, Your Honors. Mr. Farzad, you've heard what these opposing counsel have said. You have two minutes. Yes, Your Honor. In 2011, all U.S. district courts agreed on a pilot project to send the employment dispute right away to settlement, and they assign, if there's a pro se, they assign a pro bono attorney. And unfortunately, the state of New York does that, but U.S. district courts in New York does that. But unfortunately, I brought it up in court in Connecticut. They did not do that. And the Connecticut law says that a discrimination lawsuit, a right to sue letter, if it has, you know, 90 days, we'll give the person to serve the complaint to the defendant. But the U.S. law says 90 days to file. There's like a month difference. And the state of Connecticut law is not, is in violation or in contradiction with the state of New York and all U.S. districts. That's a different state. That's why each state can have their own rules. But, Your Honor, the law, the U.S. courts are the U.S. courts. And the U.S. courts can have its own rules as well. That is, they don't have to be uniform. But, well, I mean, the U.S. district court in Connecticut still have the same 90 days. I understand what you're saying. Yes. Do you have any other points to make? My point is that they claim performance. And I had two other jobs after that, New York Life and also RBC in New York City. And they were happy with my performance. All right. They made it up. Yeah. Thank you. Okay. We'll reserve decision. Thank you very much.